FILED
SUPERIOR COURT
OF GUAM

2018 MAR 26 PM 2:50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GEORGE GOMEZ | Small Claims Case no. SD0685-17 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| TRIPLE J AUTO GROUP | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. for a bench trial on February 8, 2018 and continued to March 8, 2018. George Gomez ("Plaintiff") filed a Declaration on December 29, 2017, claiming that Triple J. Auto Group ("Defendant") was negligent in the repair of his vehicle. Plaintiff claims damages in the amount of Two Hundred Twenty-Eight Dollars ($228.00). Defendant denies responsibility. Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order.

//

/

## FACTUAL BACKGROUND AND TRIAL TESTIMONY

On April 22, 2017, Plaintiff delivered his 2006 Scion XB automobile ("Scion") to Defendant's auto shop for replacement of a damaged water pump, the installation of a new alternator (serpentine) belt and a coolant drain and refill services. Plaintiff signed off on an invoice estimating charges of Three Hundred Eighty-Three Dollars and Ninety-Five Cents ($383.95) for the services. Defendant performed the requested services and the vehicle was returned to Plaintiff the same day. Plaintiff paid the invoiced amount of Three Hundred Eighty-Three Dollars and Ninety-Five Cents ($383.95).

At trial, Plaintiff testified that several weeks after picking up his vehicle from Defendant's auto shop, his Scion would not start. Plaintiff hired another mechanic who informed Plaintiff that the Scion's battery had to be replaced. Plaintiff purchased a new battery for Ninety-Eight Dollars ($98.00). Plaintiff further testified at trial that the battery that was replaced was relatively new and the reason that it became fully discharged was because Defendant in making the initial repairs to the water pump, negligently caused the wiring and screws attaching the battery to the alternator to become disconnected. Plaintiff paid his mechanic Forty Dollars ($40.00) to install the battery and undertake the wiring repairs.

Plaintiff argued that Defendant had to remove and reconnect the alternator to the Scion in doing the necessary repairs to the water pump and while doing so failed to properly reconnect the alternator to the battery. In support of his claim, Plaintiff submitted official Chilton Repair Manual documentation for the Scion, evidencing instructions to disconnect the battery cable, remove engine mount bolts and the alternator in the replacement of the water pump. Consequently, Plaintiff alleges that while in the process of removing and later reconnecting the alternator, Defendant must have improperly reconnected the necessary wiring causing the damage to the battery.

Defendant on their behalf submitted ALLDATA Repair Manual documentation for the replacement of the water pump for the Scion. However, these instructions do not provide for the removal of the alternator or the disconnection of the wiring between the alternator and the battery. Raymond Lagman, Defendant's automotive tech who undertook the water pump repair on the Scion, testified at trial that he did not need to remove the alternator because a lift was used and access to the water pump was made from under the vehicle. Defendant claims that because it did not handle any wiring or screws connecting the alternator to the battery they could not have been responsible for the damage to Scion's battery.

In addition to the cost of the battery and its installation and the repair of the connections between the battery and the alternator, Plaintiff claims that he was overcharged by Defendant for the cost of labor in the amount of Eighty-Five Dollars ($85.00) for the services undertaken by Defendant on his vehicle. As evidence, Plaintiff submitted to the court, a cost estimate for the same work if undertaken by Atkins Kroll, another automobile dealership on Guam.

## LEGAL DISCUSSION AND ARGUMENT

Plaintiff claims that he was overcharged by Defendant for the work they performed on the Scion. However, Defendant provided Plaintiff with a written price estimate of Three Hundred Eighty-Three Dollars and Ninety-Five Cents ($383.95) for the services performed which Plaintiff agreed to with his signature. This amount was what Plaintiff was charged. Finding out at a later date that another dealer or repair shop would have charged a different amount for the same work is not surprising. Plaintiff's overcharging claim is denied.

As to his other claims, in order to prevail in this matter, Plaintiff must show by preponderance of the evidence that the damage to the battery was the result of Defendant's negligence. 6 GCA §8101. The court finds that Plaintiff has failed to meet their burden of

proof and therefore denies his negligence claims. The alleged damage to the Scion's battery could have been caused from simple wear and tear due to the age of the Scion. In addition, Plaintiff claims that several weeks passed from the date he retrieved his vehicle from Defendant's auto repair shop. The court finds it unlikely that it would take that long for a battery to be discharged from a disconnected alternator.

## CONCLUSION

For the forgoing reasons, this case is hereby DISMISSED WITH PREJUDICE.

**SO ORDERED this ___26___ day of March, 2018.**

_____
**HONORABLE BENJAMIN C. SISON, JR.**
**Magistrate Judge, Superior Court of Guam**